■ MATTEO SPALLETTA, Respondent, v. ARTHUR FELBER et al., Individually and as Copartners Doing Business under the Name of FISK BUILDING, Appellants.— Motion to resettle order entered December 5, 1955 (ante, p. 674), denied, without costs. Present — Nolan, P. J., Beldock, Murphy and Ughetta, JJ.; Hallinan, J., not voting.

■ DONALD BERTOLA, an Infant, by His Guardian ad Litem, DOMINICK BERTOLA, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.— In an action on behalf of the infant respondent to recover damages for personal injuries and by his father for medical expenses and loss of services, the jury rendered a verdict in favor of respondents against appellants. The infant's injuries were received when he was assaulted in a public school classroom by a classmate. The teacher in charge of the class, appellant Friedman, was just outside the door of the classroom shepherding the members of the class into the classroom. The negligence alleged is that appellants, having actual and constructive notice of the assaultive propensities of the pupil who committed the assault, failed to take proper methods to curb such propensities and to protect his classmates therefrom. The appeal is from the judgment entered on the verdict. Judgment reversed, on the law and the facts, without costs, and complaint dismissed. The need for closer supervision could not reasonably have been apprehended. (Ohman v. Board of Educ. of City of N. Y., 275 App. Div. 840, affd. 300 N. Y. 306; Peterson v. City of New York, 267 N. Y. 204; Berner v. Board of Educ., 286 N. Y. 174; Clark v. City of Buffalo, 288 N. Y. 62; May v. Board of Educ., Union Free School Dist. No. 1, Town of Mamaroneck, 269 App. Div. 959, affd. 295 N. Y. 948.) Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ GLADYS BROCK, Appellant, v. HARRY BROCK, Respondent.— In a consolidated action by appellant (1) for a judgment (a) declaring a Mexican divorce, obtained by respondent, to be null and void, (b) declaring the marital status of appellant and respondent, and (c) declaring a separation agreement between the parties to be null and void; and (2) for a separation, the appeal is from an order insofar as it denies appellant's motion for temporary alimony and a counsel fee and refers said motion to the trial court for determination. Order modified so as to provide that respondent pay appellant $1,000 on account of counsel fees, and that the balance, if any, be left for determination by the trial court. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellant. The amount allowed on account of counsel fees is to be paid within twenty days after the entry of the order hereon. Alimony pendente lite and counsel fees are not allowed until a separation agreement is set aside. Such relief may not be had on conflicting affidavits but should be left to the trial court. (Sullivan v. Sullivan, 285 App. Div. 967; Reeve v. Reeve, 279 App. Div. 618; Botway v. Botway, 273 App. Div. 948; Henning v. Henning, 272 App. Div. 676; Davis v. Davis, 195 App. Div. 430.) Appellant, however, is entitled to a counsel fee in her action to declare null and void the divorce decree obtained by respondent in Mexico, in which she did not appear. (Civ. Prac. Act, § 1169-a; Harris v. Harris, 279 App. Div. 542; Long v. Long, 281 App. Div. 254.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur. [See post, p. 1026.]