Fboessel, J.
After eating luncheon in the school cafeteria, the 10-year-old infant plaintiff was excused by her teacher to “go out and play ’ ’. She and her companions went to the bleacher stand in the playground area on the school grounds, where a number of informal baseball games were in progress. The bleachers were located about 1,000 feet from the school building, and consisted of six tiers, five feet high. Plaintiff and her friends had previously played around the bleachers during other luncheon recesses and had jumped off from the highest tier. On the day in question, in an attempt to jump from the top tier, plaintiff caught her foot and fell, fracturing her left humerus.
No teacher was supervising the. play area then or at any previous time during the noon recesses. The supervising teacher was on the driveway next to the school, some 1,000 feet away, because of the ‘ ‘ hazard there of parents driving in to bring children back at noon ’ ’.
The Trial Judge charged the jury, without exception, that defendant school board had a duty under the law (Education *464 Law, § 1709, subd. 16) to provide adequate supervision within the schoolyard, that it was for the jury to decide whether this duty had been breached and, if so, whether the failure to provide adequate supervision was the proximate cause of the accident. He also charged correctly with respect to contributory negligence.
The duty of the board as to supervision, unlike that of common school district trustees (§ 1604, subd. 8), is unqualified, and has been construed as mandatory (Selleck v. Board of Educ., 276 App. Div. 263, 266, motion for leave to appeal denied 300 N. Y. 764; Garber v. Central School Dist. No. 1, 251 App. Div. 214, 219-220; see Miller v. Board of Educ., 291 N. Y. 25, 31). The jury could reasonably infer that, had there been adequate supervision in the past, the danger would have come to the attention of some person in authority, and steps taken to prevent its repetition. We may not say as a matter of law that it was not dangerous for a little girl to jump from a height of five feet — a height taller than she — and that a supervisor observing such an activity would have been under no duty to warn the child against it; nor may we say that she was guilty of contributory negligence as a matter of law (see Camardo v. New York State Rys., 247 N. Y. 111, 115, 117-118; see, also, Collentine v. City of New York, 279 N. Y. 119, 127).
We would therefore affirm were it not for an error in computing interest on the verdict at the rate of 6%. Under section 3-a of the General Municipal Law, 5% is the maximum rate of interest allowable on an accrued claim or judgment against a municipal corporation, which is defined to include a school district.
The judgment appealed from should be modified by computing interest on the verdict at the rate of 3%, and, as so modified, affirmed.