Ann T. Mikoll, J.
Defendants Town of Oakfield and County of Genesee move for an order amending the judgment to reflect an interest rate of 3% per annum rather than 6% and to show the commencement of trial on May 5,1976.
The action was tried before this court in May, 1976. It involved the claim of an infant plaintiff against the two municipal defendants and the individual defendant. At the conclusion of the trial the jury rendered its verdict in favor of the infant plaintiff against all the three defendants in the sum of $500,000, and in favor of the infant’s parent individually in the sum of $6,000. The jury further found that the individual defendant Wozniak was responsible to the plaintiff for 10% of the total damages, the defendant Town of Oakfield for 40% and the defendant County of Genesee for 50%.
The issue before this court is whether the applicable interest rate to be applied from the date of verdict to the time of entering judgment should be as provided in CPLR 5004, 6%, or whether it should be limited by section 3-a of the General Municipal Law to 3%.
CPLR 5004 states: "Interest shall be at the rate of six per centum per annum, except where otherwise provided by statute.”
General Municipal Law (§ 3-a, subd 1) states: "Except as provided in subdivision two of this section, the rate of interest to be paid by a municipal corporation upon any judgment or accrued claim against the municipal corporation shall not exceed three per centum per annum.”
The law is therefore clear that a municipal corporation can only be liable for interest at the rate of 3% per annum under these circumstances (Decker v Dundee Cent. School Dist, 4 NY2d 462; Acme Bldrs. v County of Nassau, 36 AD2d 317, affd 31 NY2d 924).
Under New York’s comparative negligence law the degree *942 of responsibility may be apportioned between the defendants, however each is still liable for the full judgment due the plaintiff. (Gleich v Volpe, 32 NY2d 517.) The plaintiff argues that because the individual defendant is not entitled to the benefit of a special statute fixing the rate of interest at less than 6%, the judgment must reflect that rate.
The plaintiff brought this action against three defendants and in accord with the theory of Dole v Dow Chem. Co. (30 NY2d 143); the plaintiff and those defendants are entitled to have the damages apportioned between the tort-feasors. The jury herein assigned an equitable portion of the liability to each defendant, and while the plaintiff is entitled to interest under CPLR 5001 et seq. which would normally be 6%, the interest rate for municipal defendants is limited by law to 3%.
Interest is attendant to the judgment and where the rate is limited with respect to specific defendants, it should be apportioned in accord with their degree of responsibility for the injury.
Should the judgment in its entirety be satisfied by the individual defendant, he could obtain contribution from the municipal defendants for only their equitable share plus interest as provided for by law, (see CPLR 1402) and this should likewise be what the plaintiff is entitled to.
In accord with the above, interest should be assessed at the rate of 6% per annum on 10% of the judgment and 3% per annum on 90% of the judgment from the date of verdict through June 24, 1976.
As to the defendants’ motion to amend the judgment changing the date upon which the trial began, the judgment should reflect May 7, 1976, the date the jurors were sworn in.