■ Katherine Schirmer, Individually and as Parent and Natural Guardian of M.S., an Infant, Appellant, v Board of Education of Spencerport Central School District et al., Respondents, et al., Defendant. [824 NYS2d 697]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 2, 2005 in a personal injury action. The order, among other things, granted the motions of defendants Board of Education of the Spencerport Central School District and Thomas Mannix, as parent and natural guardian of P.M., an infant, for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant Board of Education of the Spencerport Central School District and reinstating the amended complaint against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries her son sustained when he was struck in the eye with a piece of beef jerky while attending an unsupervised "honors" study hall in a high school cafeteria. The injury occurred when two students, the sons of defendants Thomas Mannix and Michael DiRoma, were throwing the beef jerky back and forth. At some point, DiRoma's son threw the beef jerky at Mannix's son but instead hit plaintiff's son. It is undisputed that the two students were throwing the beef jerky for fun, and that plaintiff's son was not the intended target. It is also undisputed that Mannix's son had the requisite "honors" pass to attend the study hall, and that DiRoma's son did not, and therefore that DiRoma's son should not have been present in the cafeteria. We conclude that the activity engaged in by the two students was not "so inherently dangerous that mere participation therein [was] negligence" (*Carrillo v Kreckel*, 43 AD2d 499, 503 [1974]). Thus, Supreme Court properly granted the motion of Mannix seeking summary judgment dismissing the amended complaint against him.

The court erred, however, in granting the motion of the Board of Education of the Spencerport Central School District (defendant) seeking summary judgment dismissing the amended complaint against it, and we therefore modify the order accordingly. Defendant asserted that it was not negligent in its supervision of the students attending the honors study hall, and that, in any event, the action of the students involved was the sole proximate cause of the injuries sustained by plaintiff's son. We conclude, however, that defendant failed to establish its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence submitted by defendant in support of its motion established that there were at times 50 or more students attending the honors study hall; the study hall was not supervised by an adult; the study hall was only periodically monitored by an adult to determine whether there were students present who did not have the requisite "honors" pass; defendant had notice of three prior incidents wherein objects were thrown by students attending the study hall without the requisite "honors" pass; and defendant had notice of one prior incident wherein a student was injured by another student while attending the unsupervised study hall. That evidence raises triable issues of fact whether defendant adequately supervised the students attending the study hall and whether the injuries sustained by plaintiff's son were a foreseeable result of the "absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Garringer v South Seneca High School*, 17 AD3d 1062, 1063 [2005]). Present—Scudder, J.P., Kehoe, Martoche and Green, JJ.