■ BRANDY B., Individually and as Mother and Natural Guardian of BRENNA B., an Infant, Appellant, v EDEN CENTRAL

1584

School District et al., Respondents, et al., Defendant. (Appeal No. 1.) [880 NYS2d 431]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered May 6, 2008 in a personal injury action. The order granted the motions of defendants Eden Central School District, Eden Central School District Board of Education and Erie County Child and Family Services for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her daughter when she was sexually assaulted on a school bus. According to plaintiff, the foster child of third-party defendants foster parents (foster parents) committed the assault. In appeal No. 1, Supreme Court properly granted the respective motions of defendants/third-party plaintiffs and defendant Erie County Child and Family Services for summary judgment dismissing the amended complaint against them on the ground that they had no prior knowledge of the assailant's sexual tendencies. With respect to the moving defendants, the court properly concluded that they established as a matter of law that they did not have sufficiently specific knowledge or notice of the dangerous conduct. Thus, the principle concerning liability for "foreseeable injuries proximately related to the absence of adequate supervision" is inapplicable here (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Indeed, the records in the possession of those defendants failed to indicate any relevant dangerous conduct at all, and the assailant had not been disciplined for any conduct of any kind during the year in which he was in the school district.

We also affirm the order in appeal No. 2 granting the motion (improperly denominated cross motion) of the foster parents for summary judgment dismissing the third-party complaint against them, for reasons stated in the letter decision of Supreme Court dated May 6, 2008. Present—Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.