[934 NE2d 304, 907 NYS2d 735]

BRANDY B., Individually and as Mother and Natural Guardian of BRENNA B., an Infant, Appellant, v EDEN CENTRAL SCHOOL DISTRICT et al., Respondents, et al., Defendant. (And a Third-Party Action.)

Argued April 27, 2010; decided June 10, 2010

298

**POINTS OF COUNSEL**

*Lipsitz Green Scime Cambria LLP*, Buffalo (*John A. Collins* of counsel), for appellant. I. The Appellate Division incorrectly applied this Court's opinion in *Mirand v City of New York* (84 NY2d 44 [1994]). (*Hoose v Drumm*, 281 NY 54; *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Kush v City of Buffalo*, 59 NY2d 26.) II. The Appellate Division erred in implicitly holding that Eden Central School District had not been negligent in disregarding plaintiff's request to keep Brenna B. and Robert F. separated. (*Hoose v Drumm*, 281 NY 54; *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302; *Sadowski v Long Is. R.R. Co.*, 292 NY 448; *Levine v City of New York*, 309 NY 88; *Mirand v City of New York*, 190 AD2d 282; *Murray v Research Found. of State Univ.*

*of N.Y.*, 283 AD2d 995, 96 NY2d 719; *Mary KK. v Jack LL.*, 203 AD2d 840; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Kush v City of Buffalo*, 59 NY2d 26.) III. The Appellate Division erred in holding that, as a matter of law, Child and Family Services lacked notice of the danger that Robert F. posed to Brenna B. and others. (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308.)

*Goldberg Segalla LLP*, Buffalo (*Julie Pasquariello Apter* of counsel), for Eden Central School District and others, respondents. I. The Appellate Division's decision was based on *Milbrand v Kenmore-Town of Tonawanda Union Free School Dist.* (49 AD3d 1341 [2008]) not *Mirand v City of New York* (84 NY2d 44 [1994]). II. The principles of *Mirand v City of New York* (84 NY2d 44 [1994]) are consistent with the principles stated in *Milbrand v Kenmore-Town of Tonawanda Union Free School Dist.* (49 AD3d 1341 [2008]). (*Murray v Research Found. of State Univ. of N.Y.*, 184 Misc 2d 453, 283 AD2d 995; *Doe v Board of Educ. of Morris Cent. School*, 9 AD3d 588; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308.) III. Plaintiff-appellant has failed to submit proof that she requested that her daughter be separated from third-party defendant Robert F. (*David XX. v Saint Catherine's Ctr. for Children*, 267 AD2d 813; *Mirand v City of New York*, 84 NY2d 44; *Milbrand v Kenmore-Town of Tonawanda Union Free School Dist.*, 49 AD3d 1341; *Kozakiewicz v Frontier Middle School*, 37 AD3d 1138.)

*Damon Morey LLP*, Buffalo (*Michael J. Willett* of counsel), for Child and Family Services of Erie County, respondent. I. Child and Family Services was entitled to summary judgment because it established that it did not have specific knowledge or notice of a propensity on the part of Robert F. to engage in conduct of the type alleged in the complaint. (*Mirand v City of New York*, 84 NY2d 44; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308; *Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222; *Hoose v Drumm*, 281 NY 54; *Waldon v Little Flower Children's Serv.*, 1 NY3d 612; *Liang v Rosedale Group Home*, 19 AD3d 654; *DiCarlo v City of New York*, 286 AD2d 363; *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302; *LaTorre v Genesee Mgt.*, 90 NY2d 576; *Rios v Smith*, 95 NY2d 647.) II. Child and Family Services had no duty to protect the infant plaintiff from harm which occurred when the foster child was in the physical custody and control of Eden Central School District. (*Howard v Parsons' Child & Family Ctr.*, 306 AD2d 725; *Cappello v St. Christopher's, Jennie Clarkson Child Care Servs.*, 282 AD2d 566; *Pratt v Robinson*, 39 NY2d 554; *Bertrand v Board of Educ. of City of N.Y.*,

272 AD2d 355, 95 NY2d 760; *Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1.)

**OPINION OF THE COURT**

JONES, J.

In this action against defendants Eden Central School District and Child and Family Services of Erie County (CFS) for damages resulting from an alleged sexual assault committed by an 11-year-old student upon a five-year-old student, the issues are whether (1) the school district had sufficiently specific knowledge or notice of the dangerous conduct which caused the injury so that the third-party act could have been reasonably anticipated and (2) CFS had a duty to warn the child offender's foster parents and others of the need to closely supervise him. We hold that the school district proved as a matter of law that it did not have sufficiently specific knowledge or notice of the injury-causing conduct. As to CFS, plaintiff did not set forth a prima facie claim against it.

Robert F., born October 1991, has a troubling history. Based upon records from multiple sources, he was removed from his parents' home at age three due to neglect and possible physical abuse. After living in foster care for several years, he resided with his father, stepmother and several siblings until he was hospitalized at age nine because he displayed severe aggression in the home.

In October 2000, Robert was admitted to Western New York Children's Psychiatric Center, where he resided until his placement at Crestwood Children's Center in January 2001. Crestwood's assessment of Robert, dated September 2001, noted his risk behavior involved: "verbal aggression, aggression towards himself and others, threats with weapons, fire setting, hyperactivity, impulsivity, auditory hallucinations, history of stealing, temper tantrums, poor peer relations, academic problems, and history of suicidal injurious ideations." The assessment further stated that he had not "presented any of his referral symptoms since admission." Crestwood also recommended that Robert receive "a lower level of care in [the] form of community residence," noting that he "has been free from self-harm as well as not harming or threatening others."

In January 2002, Robert entered the Lee Randall Jones Community Residence. At the same time, he was enrolled at the Stanley G. Falk School. A Counseling Individualized Education Plan (IEP) Summary Review conducted by the Falk School in

February 2002 indicated that Robert was "a pleasant boy who appears to be adapting well to his structured school environment . . . [who] displays appropriate social skills in his interactions with others including, greetings, eye contact, taking turns, and sharing." The review considered behavior concerns for Robert, which included restless and distractive behavior, and concluded that the Falk School was "appropriate in the least restrictive environment to meet his varied needs." In August 2002, Samantha Heise, Robert's case coordinator at the community residence, wrote that "Robert ha[d] not had one incident of physical aggression towards others or himself since admission." She noted that he had positive peer interaction. A subsequent psychological evaluation provided by the Falk School and the community residence's "Admission Committee Meeting Case Presentation" summarized Robert's prior acts, including behaviors detailed herein, as well as exposing himself and masturbating in public. It appears that Robert's stated history predates his hospitalization.

Sometime in 2002, Robert began residing with foster parents. In September 2002, he was transferred to the Eden Central School District to attend fifth grade. Robert's December 2002 IEP prepared by the school's committee recommended that he be placed in general education classes for science and social studies. In an undated, 2002-2003 Eden Central School District progress report, it was noted that "Robert has a friendly personality. He was very polite with his peers and teachers. He will continue to need support for social and emotional development next year." Regarding his social and emotional development, his 2002-2003 IEP stated that he was immature for his age, seeking physical hugs and attention from adults, but that he did not need escorts or restraints. He was also assigned individual counseling and group counseling once a week throughout the school year.

In September 2002, Brenna B., who lived in the same neighborhood as Robert, started kindergarten with the Eden Central School District. Brenna and Robert rode the same school bus. It was there that the alleged sexual assault occurred in March 2003. Brenna's mother, Brandy B., had received some notice from Brenna of inappropriate interactions between the two children, namely, that Robert called Brenna his girlfriend; she spoke to the bus driver and requested that the two children not sit together. Thereafter, Brenna told her mother that Robert had exposed himself to her while sitting together on the school bus, and forced her to touch him.

Brandy commenced this action against the school district for injuries resulting from the alleged sexual assault based upon inadequate supervision of the children and against CFS for failing to warn the foster parents of the need to closely supervise Robert. Supreme Court granted defendants summary judgment dismissing the complaint. The Appellate Division affirmed (63 AD3d 1583 [2009]). Plaintiff appeals by leave of this Court (13 NY3d 703 [2009]). We now affirm.

It is well-settled that schools have a duty to adequately supervise their students, and "will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994], citing *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965] and *Decker v Dundee Cent. School Dist.*, 4 NY2d 462, 464 [1958]). However, unanticipated third-party acts causing injury upon a fellow student will generally not give rise to a school's liability in negligence absent actual or constructive notice of prior similar conduct (*see id.*). "[I]t must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*id.*, citing *Bertola v Board of Educ. of City of N.Y.*, 1 AD2d 973 [2d Dept 1956]). Summary judgment must be granted if the proponent makes "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact," and the opponent fails to rebut that showing (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

■ Here, the alleged sexual assault against Brenna was an unforeseeable act that, without sufficiently specific knowledge or notice, could not have been reasonably anticipated by the school district. Robert's history demonstrates that he had severe behavioral issues that had not manifested themselves for more than two years. Since his initial hospitalization in 2000, each program noted that he had not displayed any aggression towards anyone, and, because of his behavioral improvements, he was approved for less restrictive programs. More significantly, his prior history did not include *any* sexually aggressive behavior. Thus, without evidence of any prior conduct similar to the unanticipated injury-causing act, this claim for negligent supervision must fail.

■ Additionally, Brandy's reliance upon her statement to the bus driver—that she did not want the two children sitting

together—and Robert's behavioral history as notice is unavailing. Brandy's statement did not name Robert or attribute any misbehavior to the unidentified boy that Brandy wanted to separate from her daughter. Moreover, his past conduct without any subsequent incident of aggression was far too removed to require that the school district provide Robert an aide or that CFS warn others of Robert's past. Therefore, because defendants demonstrated that they had no specific knowledge or notice of any similar conduct which caused the injury and plaintiff presented no triable issue of fact, the courts below properly granted them summary judgment.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

CIPARICK, J. (dissenting in part). Because I believe a reasonable jury could find that sufficient notice was given to Eden Central School District and Eden Central School District Board of Education (collectively, the school defendants) and that the sexual assault here was a "foreseeable injur[y] proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]), I respectfully dissent from the majority's holding as it relates to the school defendants.

A plaintiff attempting to hold a school district liable for harm to one student caused by another must satisfy a two-part test (*see Mirand*, 84 NY2d at 49-50). First, to show that the school negligently breached its duty to supervise, a plaintiff must establish "that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused [the] injury; that is, that the third-party acts could reasonably have been anticipated" (*id.* at 49). Second, this breach must have been the proximate cause of the injury, i.e. "under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (*id.* at 50, citing *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Here, a reasonable jury could find both prongs of the test satisfied.

The overarching question, as we emphasized in *Mirand*, is whether circumstances would have put a "reasonable person on notice to protect against the injury-causing act" (*Mirand*, 84 NY2d at 49). This notice may come either from prior, similarly dangerous conduct or from other circumstances that render the injury foreseeable (*see e.g. id.* at 49-51 [affirming liability where school knew of threats to plaintiff and "(t)he jury needed little more than its own common experience to conclude" that there

should have been greater supervision (*id.* at 51)]). Thus, the Appellate Divisions have found circumstances in which the absence of supervision, without any more specific notice, is so egregious as to give rise to liability (*see Doe v Fulton School Dist.*, 35 AD3d 1194, 1195 [4th Dept 2006]). In *Fulton School Dist.*, for example, the Fourth Department held that "a jury could find that [the alleged sexual assault] was a reasonably foreseeable consequence of the District's failure to provide adequate supervision . . . even in the absence of notice of a prior sexual assault" (*id.* at 1195). Similarly, the Third Department has found that circumstances may be sufficient "to put defendants on notice of a potentially harmful situation" where a 12-year-old student repeatedly sexually assaulted a six-year-old student because "the instances of inappropriate touching occurred on multiple occasions in two different locations over a period of time" (*Doe v Board of Educ. of Morris Cent. School*, 9 AD3d 588, 591 [2004]). Here, a reasonable jury could find that circumstances were sufficient to put the school defendants on notice that closer supervision was appropriate.

While Robert's history of mental illness alone might not "put a reasonable person on notice" that he would sexually assault a fellow student (*see Mirand*, 84 NY2d at 49), this history must be read in conjunction with the school's actual knowledge that he was frequently interacting closely with a kindergartner on the school bus. As the school defendants indisputably knew, Robert has a history of sometimes violent behavior as well as inappropriate sexual behavior, including exposing himself and masturbating in public. Although he has made remarkable progress, a jury could find that the mother's communications with the bus driver put the school defendants on notice that something unusual was going on between Robert, an 11 year old with a history of serious mental illness, and Brenna, a five year old who regularly sat with him. According to the mother's deposition testimony, she told the driver that "Brenna, who was in kindergarten, seems to be interacting with this twelve-year-old [*sic*]." She allegedly followed up with two letters to the driver, one requesting that her two children sit together and a second requesting that the driver call her to discuss the situation. These communications between the mother and the driver, considered along with Robert's history, are enough to allow a reasonable jury to find that the school defendants had sufficient notice of a dangerous situation and could have anticipated the sexual assault.

With respect to proximate cause, the second prong of the *Mirand* test, a reasonable jury could find that the absence of adequate supervision on the bus was a proximate cause of Brenna's injury. As we noted in *Mirand*, "[p]roximate cause is a question of fact for the jury where varying inferences are possible" (84 NY2d at 51).

Although I would permit the negligent supervision action to go forward against the school defendants, I agree with the majority that the action against Child and Family Services of Erie County (CFS) was properly dismissed. The complaint alleges that CFS failed to warn the school and foster family that Robert needed close supervision at all times, but there is no evidence that it withheld any information or could have anticipated that Robert would sexually assault a fellow student.

Therefore, I would modify by affirming the Appellate Division's grant of summary judgment to CFS and reversing its order granting summary judgment to the school defendants, and I would reinstate the amended complaint as to the school defendants.

Judges GRAFFEO, READ, SMITH and PIGOTT concur with Judge JONES; Judge CIPARICK dissents in part and votes to modify in a separate opinion in which Chief Judge LIPPMAN concurs.

Order affirmed, with costs.