McCarthy, J.
Appeals from four orders of the Supreme Court (Becker, J.), entered September 27, 2011 in Delaware County, which denied motions by defendant Charlotte Valley Central School District for summary judgment dismissing the complaints against it.
In the fall of 2005, the infant plaintiffs were first grade students attending Charlotte Valley School, the sole school building for all students, prekindergarten through twelfth grade, in defendant Charlotte Valley Central School District (hereinafter defendant). Defendant James R. Quigley was a sophomore attending the school. Plaintiffs commenced these four separate actions sounding in negligent supervision against defendant based on allegations that on at least three occasions between September and November 2005, while the infant plaintiffs were walking unattended from the cafeteria to their classrooms after *805 breakfast, Quigley asked them to accompany him into a bathroom stall and to pull down their pants, and he exposed himself and touched their private parts. Defendant separately moved for summary judgment in each action, conceding that plaintiffs had an expert who would create a question of fact regarding the adequacy of the level of supervision, but contending that defendant was entitled to dismissal of the complaints because it had no prior notice and the record lacked proof that one of the infant plaintiffs was abused. Supreme Court denied defendant’s motions. Defendant appeals.
Defendant was entitled to summary judgment because it had no notice of prior similar conduct. Schools have a duty to adequately supervise students in their care and may “be held liable for foreseeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994]). The Court of Appeals has held that criminal intervention of a third party against a student may “be a ‘reasonably foreseeable’ consequence of circumstances created by” a school district’s lack of supervision (Bell v Board of Educ. of City of N.Y, 90 NY2d 944, 946 [1997], quoting Kush v City of Buffalo, 59 NY2d 26, 33 [1983]). More recently, however, the Court of Appeals has reaffirmed the principle that a school will generally not be held liable for the unanticipated acts of a third party toward a student unless the school had “actual or constructive notice of prior similar conduct,” such that the school could have reasonably anticipated the acts of the third party (Brandy B. v Eden Cent. School Dist, 15 NY3d 297, 302 [2010]). Because defendant’s actions were not the direct cause of the infant plaintiffs’ injuries, the question on the proximate cause issue is whether Quigley’s conduct was unforeseeable such that it could constitute an intervening act that breaks the causal connection between the alleged lack of supervision and the injuries sustained (see Mirand v City of New York, 84 NY2d at 50).*
Here, defendant submitted proof that Quigley was a good student, had no significant or recent disciplinary history, and had no prior instances of sexually inappropriate or physical contact. The principal averred that he was unaware of any prior violent acts within the school building. No one had ever complained of any sexual activity or physical assaults in any *806 bathroom in the building, nor had any of the students who are parties here been involved in any prior incidents of sexual misconduct. Plaintiffs concede that there is no proof of actual notice of prior similar conduct. They argue that defendant was on constructive notice because the abuse allegedly happened three times over the course of several months, three of the boys came back late from breakfast two or three times during that time period, the bathroom did not have an exterior door, and the bathroom was located in the main hallway, next to the superintendent’s and principal’s offices. These circumstances did not create constructive notice that the abuse was occurring. Students of all grades, as well as staff, were allowed to use this bathroom. The principal testified that he used that bathroom himself, as it was the one closest to his office, and he never had to deal with any problems in that bathroom. The students were generally sent from the cafeteria to their classrooms in a group, not alone. A school is not on notice that children are being abused merely because they returned late to class on two or three occasions, especially when they explained their lateness by saying that the group of them stopped at the bathroom (compare Garcia v City of New York, 222 AD2d 192, 195 [1996], lv denied 89 NY2d 808 [1997] [finding question of fact as to liability where, among other things, school violated rule requiring teachers to have a buddy accompany young students to the bathroom]). The abuse allegedly took place inside a private stall within the bathroom and it apparently lasted for only a few minutes on each occasion (compare Bell v Board of Educ. of the City of N.Y., 90 NY2d at 946-947; Armellino v Thomase, 72 AD3d 849, 850 [2010]; Doe v Fulton School Dist., 35 AD3d 1194, 1194-1195 [2006]).
Contrary to the dissent, we do not read Brandy B. v Eden Cent. School Dist. and other precedent from the Court of Appeals as narrowly restricting the appropriate rule to circumstances where the injury-producing conduct was impulsive, such as fellow students knocking into one another or throwing objects (see e.g. Diana G. v Our Lady Queen of Martyrs School, 95 AD3d 944, 944 [2012]; Convey v City of Rye School Dist., 271 AD2d 154, 159 [2000]). Even if conduct was planned by a third party, it can still be unanticipated from the perspective of a school district so as to constitute an intervening act breaking the causal connection despite a question of fact regarding the adequacy of supervision (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302). Although the record contains a question of fact regarding whether defendant provided a sufficient level of supervision to some of its students, defendant was entitled to summary judgment because defendant had no notice that the illegal ac *807 tions of a third party, i.e., Quigley, could reasonably have been anticipated, rendering the abuse unforeseeable (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302-303; but see Kim L. v Port Jervis City School Dist., 77 AD3d 627, 630 [2010]; Garcia v City of New York, 222 AD2d at 195-196).
Even if there was sufficient notice to defendant, the record lacks proof that plaintiff Hunter Geywits was sexually assaulted. Shortly after the situation was revealed, Geywits told his mother, the principal and the police that nothing happened. He testified similarly at his deposition and a hearing pursuant to General Municipal Law § 50-h. None of the other infant plaintiffs identified Geywits as having been touched by Quigley. An expert psychologist who examined Geywits at plaintiffs’ request could not conclude that he was sexually abused. Thus, the complaint filed by Geywits and his mother must also be dismissed based on the total lack of proof that Quigley sexually abused or assaulted him.
Mercure, J.E, Rose and Lahtinen, JJ., concur.

 We agree with the dissent’s assertion that the rule discussed in Brandy B. does not insulate school districts from liability in all cases where an injury caused by a third party is the reasonably foreseeable result of circumstances created by the district’s lack of supervision. The question here is whether the infant plaintiffs’ injuries were reasonably foreseeable.