McCarthy, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered September 5, 2012 in Ulster County, which denied defendant’s motion for summary judgment dismissing the complaint.
Plaintiff, in the course of monitoring the MySpace account of his daughter, Cheyanne Conklin, discovered comments indicating that one of Conklin’s fellow students, Cassidy Edwards, intended to fight Conklin the next day at one of defendant’s schools. Plaintiff left a message at the school that night and received a return call from an administrator before school the next morning. The administrator arranged for Gina Kiniry, *1425 defendant’s social worker, to meet with Conklin first thing in the morning. Kiniry separately met with Conklin and Edwards, then conducted a mediation with the two girls. Both remained calm and denied any intention to engage in a physical altercation. Conklin was sent back to class, while Kiniry had Edwards meet with defendant’s school resource officer to discuss the criminal implications of assaulting a student. Kiniry then brought Edwards to an assistant principal to discuss the disciplinary implications of fighting. Edwards told all three staff members that she had no intention of fighting with Conklin and had not made any threats to do so.
About two class periods later, as Conklin was walking in the hall between classes, Edwards approached her from behind, pulled her to the ground by her hair and repeatedly punched her in the head. Two teachers who were within approximately 10 feet of the girls immediately began yelling at Edwards to stop. Another teacher ran to the nearby library and asked someone to notify the office that a fight was taking place. A teacher who was in the library then ran to break up the fight. A teaching assistant in a nearby room also heard the commotion and ran to intervene. Within 30 seconds to one minute after the fight began, a student had separated the girls, the teacher who had been in the library arrived to keep them separated and five staff members were present at the scene.
Plaintiff commenced this action, individually and on Conklin’s behalf, alleging that defendant’s negligent supervision caused Conklin’s injuries. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Defendant appeals.
“Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994] [citations omitted]; accord Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]). Schools are not, however, insurers of student safety and will not “be held liable ‘for every thoughtless or careless act by which one pupil may injure another’ ” (Mirand v City of New York, 84 NY2d at 49, quoting Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 306 [1965]). Rather, a school district will only be held liable for injuries intentionally inflicted by another student where it is established that the dangerous conduct “could reasonably have been anticipated,” i.e., where school authorities had actual or constructive notice of prior similar conduct on the part of the offending student (Mirand v City of New York, 84 NY2d at 49; see Brandy B. v *1426 Eden Cent. School Dist., 15 NY3d at 302; Geywits v Charlotte Val. Cent. Sch. Dist., 98 AD3d 804, 805 [2012], lv denied 20 NY3d 856 [2013]). Even where such notice is present and the consequent duty of supervision is breached, the plaintiff must further show that the alleged injury “was a normal or foreseeable consequence of the situation created by the school’s negligence” (Mirand v City of New York, 84 NY2d at 50; see Romero v YMCA of Greater Malone Dev. Group, LLC, 79 AD3d 1344, 1346 [2010]). The adequacy of supervision and the existence of proximate cause are generally factual issues for a jury to resolve (see Mirand v City of New York, 84 NY2d at 51; Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000 [2006]).
Regardless of any questions of fact regarding whether enough staff members were present in the hallway to prevent or break up the fight, defendant was entitled to summary judgment because it established that it could not have reasonably anticipated the attack. Plaintiff informed school officials that he saw a MySpace post by one of Conklin’s friends regarding Edwards wanting to fight Conklin, but this was merely a rumor rather than a direct threat from Edwards. Conklin did not go directly to Kiniry’s office when arriving at school that morning, as was the plan, so Kiniry sought her out to discuss the situation. The girls had passed each other in the hall that morning without incident. Conklin informed Kiniry of two or three prior screaming matches between the two girls in the school halls, as well as an incident within the prior week where Edwards threw Conklin’s pen on the floor and Conklin responded by calling her a nasty name, but stated that there had been no physical altercations and no direct threats from Edwards (see Sanzo v Solvay Union Free School Disk, 299 AD2d 878, 878 [2002] [finding that awareness of prior verbal taunting did not render subsequent assault foreseeable]). Conklin acknowledged that no teachers were present for the prior screaming matches and the teacher in the class during the pen incident was by the doorway and did not see it occur.
Kiniry brought Edwards to the office and talked separately with her, keeping confidential the source who revealed the alleged threat. During the mediation with the two girls, Edwards remained calm, denied making any threats and denied any intention of physical violence. Edwards’s disciplinary file only included referrals for tardiness, unexcused absences and being disruptive in class, nothing for fighting or violence. After the mediation, Conklin felt that the situation was resolved and did not want school officials involved. Kiniry then had the school resource officer and assistant principal each speak to Edwards, *1427 warning her of the legal and disciplinary consequences of fighting. Edwards was calm and assured all of them that she had made no threats and did not intend to fight with Conklin. All three officials were led to believe, due to Edwards’s statements and demeanor, that no assault would occur. Even viewing the evidence in a light most favorable to plaintiff, as we must (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), under these circumstances defendant reasonably responded to the rumor of a threat, determined that it was unfounded and could not have anticipated that Edwards would attack Conklin (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; Geywits v Charlotte Val. Cent. Sch. Dist., 98 AD3d at 805-806; Moffatt v North Colonie Cent. School Dist., 82 AD3d 1311, 1312 [2011]; Bushy v Ticonderoga Cent. School Dist., 258 AD2d 762, 764 [1999], lv denied 93 NY2d 814 [1999]; compare Hofmann v Coxsackie-Athens Cent. School Dist., 70 AD3d 1116, 1117-1118 [2010]; Wilson v Vestal Cent. School Dist., 34 AD3d at 1000-1001). Thus, defendant was entitled to summary judgment dismissing the complaint.
Lahtinen, J.R, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.