Hale v Holley Cent. Sch. Dist. (2018 NY Slip Op 02033)





Hale v Holley Cent. Sch. Dist.


2018 NY Slip Op 02033


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND TROUTMAN, JJ.


13 CA 17-01421

[*1]DARWIN HALE, JR., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF JEFFERY HALE, A MINOR, PLAINTIFF-RESPONDENT,
v
HOLLEY CENTRAL SCHOOL DISTRICT, DEFENDANT-APPELLANT. 






HURWITZ & FINE, P.C., BUFFALO (JODY E. BRIANDI OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICE OF MARK A. YOUNG, ESQ., ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered April 18, 2017. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action, individually and on behalf of his son, a ninth-grade student at defendant's high school. Plaintiff's son was injured in April 2012 when an 11th-grade classmate unexpectedly walked up behind him before gym class and put him in a choke hold, causing him to lose consciousness and fall face-first against the floor. We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint.
It is well established that "[s]chools are under a duty to adequately supervise the students in their charge[,] and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Brandy B. v Eden Cent. Sch. Dist., 15 NY3d 297, 302 [2010]). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable for every thoughtless or careless act by which one pupil may injure another' " (Mirand, 84 NY2d at 49). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (id.; see Brandy B., 15 NY3d at 302). "Actual or constructive notice to the school of prior similar conduct is generally required because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (Mirand, 84 NY2d at 49). Thus, "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (id.). "Summary judgment must be granted if the proponent makes a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact,' and the opponent fails to rebut that showing" (Brandy B., 15 NY3d at 302, quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Here, defendant met its initial burden on its motion by establishing that it did not have [*2]"sufficiently specific knowledge or notice of the dangerous conduct which caused injury" such that the classmate's acts "could reasonably have been anticipated" (Mirand, 84 NY2d at 49), and plaintiff failed to raise a triable issue of fact (see generally Alvarez, 68 NY2d at 324). Defendant's submissions, including the deposition testimony of plaintiff's son and the classmate, established that there were no prior incidents and no history of any animosity between the two students (see DeMunda v Niagara Wheatfield Bd. of Educ., 213 AD2d 975, 976 [4th Dept 1995]). Indeed, the classmate testified that he intended only to "horse around" and that he "[d]idn't mean anything by it." Moreover, the classmate had never engaged in disorderly, insubordinate, disruptive, or violent conduct in any of the gym teacher's classes prior to the subject incident. Contrary to plaintiff's contention and the court's determination, we agree with defendant that the classmate's overall disciplinary record is insufficient to create an issue of fact whether the subject incident could reasonably have been anticipated. Although the classmate had an extensive disciplinary history, the majority of the incidents involved insubordinate and disruptive behavior, and the instances of violent and endangering conduct occurred when the classmate was in sixth through eighth grade, with his last citation for violent conduct occurring in April 2009, i.e., three years prior to the subject incident when the classmate was in 11th grade (see Morman v Ossining Union Free Sch. Dist., 297 AD2d 788, 789 [2d Dept 2002]). We thus conclude that the classmate's prior violent and endangering conduct was too remote to provide defendant with sufficiently specific knowledge or notice that the classmate posed a danger to other students in gym class (see Jake F. v Plainview-Old Bethpage Cent. Sch. Dist., 94 AD3d 804, 805-806 [2d Dept 2012]; Morman, 297 AD2d at 789; Malik v Greater Johnstown Enlarged Sch. Dist., 248 AD2d 774, 776 [3d Dept 1998]; DeMunda, 213 AD2d at 976).
We further agree with defendant that the single, dissimilar previous incident that occurred in March 2012 in which two different students engaged in consensual choking is insufficient to raise an issue of fact whether the classmate's nonconsensual, unexpected choking of plaintiff's son in gym class could reasonably have been anticipated (see Hernandez v Board of Educ. of City of New York, 302 AD2d 493, 493 [2d Dept 2003]; Velez v Freeport Union Free Sch. Dist., 292 AD2d 595, 596 [2d Dept 2002]; Malik, 248 AD2d at 776). The email written by the principal, which was submitted by plaintiff in opposition to the motion, merely confirmed that defendant was aware of only one previous incident of choking in the school before the subject incident. Indeed, if the single, consensual choking incident between different students occurring approximately one month before the subject incident could place defendant on notice of any spontaneous, nonconsensual choking between students throughout the high school, defendant would unreasonably be expected "to continuously supervise and control all movements and activities of students" (Mirand, 84 NY2d at 49).
Finally, we agree with defendant that the court erred in determining that there is an issue of fact precluding summary judgment based upon the mixed grade levels in the gym class and, relatedly, the size differences between plaintiff's son and the classmate. The evidence established that it was common for students to wait in the gym until all students exited the locker room before class began. The gym teacher usually would be in his office during this readying time period because his office had doors leading directly to both the gym and the locker room, which allowed him to monitor both areas simultaneously. Despite the mixed grade levels and the corresponding differences in age and physical characteristics of the students, the record establishes that there were no problems at all in that gym class before the subject incident. Thus, unlike cases in which there is a history of dangerous conduct occurring in a particular class that is similar to the injury-causing conduct at issue, we conclude that there is nothing in this record that provided defendant or its gym teacher with specific knowledge or notice of dangerous circumstances or conduct occurring during the readying time period prior to commencement of gym class (cf. Schirmer v Board of Educ. of Spencerport Cent. Sch. Dist., 34 AD3d 1356, 1357 [4th Dept 2006]; Maynard v Board of Educ. of Massena Cent. Sch. Dist., 244 AD2d 622, 623 [3d Dept 1997]; see generally Brandy B., 15 NY3d at 302).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court