Charles D.J. v City of Buffalo (2020 NY Slip Op 04243)





Charles D.J. v City of Buffalo


2020 NY Slip Op 04243


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


58 CA 19-01660

[*1]CHARLES D.J. AND LYNN M.J., INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF SCOTT J., AN INFANT, PLAINTIFFS-RESPONDENTS,
v
CITY OF BUFFALO AND BUFFALO BOARD OF EDUCATION, DEFENDANTS-APPELLANTS. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CHRISTOPHER R. POOLE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ROBERT H. PERK ATTORNEYS AND COUNSELORS AT LAW, BUFFALO (ROBERT H. PERK OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered March 6, 2019. The order, insofar as appealed from, denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action individually and on behalf of their son, who was sexually assaulted at a public school in Buffalo when he was a five-year-old kindergarten student. The assault was perpetrated by a fifth-grade student whose identity has not been determined, and it occurred in the boys' bathroom, across the hall from the kindergarten classroom. According to plaintiffs, their son, given his age, should not have been allowed by his substitute teacher to go to the bathroom alone and unsupervised. The complaint asserts a cause of action for negligent supervision as well as a derivative cause of action. Following discovery, defendants, the City of Buffalo and the Buffalo Board of Education, moved for summary judgment dismissing the complaint, contending that they lacked notice of any prior sexual misconduct involving students at the school and, thus, they could not have foreseen the sexual assault of plaintiffs' son. Supreme Court denied the motion, and we now affirm.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students; therefore, schools are not to be held liable for every thoughtless or careless act by which one pupil may injure another' " (Mirand, 84 NY2d at 49).
"In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (id.; see Hale v Holley Central Sch. Dist., 159 AD3d 1509, 1510 [4th Dept 2018], lv denied 31 NY3d 913 [2018]). "Actual or constructive notice to the school of prior similar conduct is generally required because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (Mirand, 84 NY2d at 49). Thus, "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a [*2]reasonable person on notice to protect against the injury-causing act" (id.).
Defendants, as parties moving for summary judgment, had the initial burden of establishing as a matter of law that they lacked actual or constructive notice of prior similar sexual assaults upon students at the school (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We conclude that defendants failed to meet that burden. In support of their motion defendants submitted, inter alia, the deposition testimony of the person who was the assistant principal at the school when plaintiffs' son was assaulted. When asked whether she was aware of any other student who was sexually assaulted in a Buffalo public school, the former assistant principal testified that no "specific instance comes to mind." The assistant principal further testified, however, "things were kept very quiet" and that teachers and staff would not necessarily have been informed of sexual assaults.
Defendants also submitted the deposition testimony of the substitute teacher who allowed plaintiffs' son to go to the bathroom alone. Although the substitute teacher testified that she was not aware of any prior sexual assaults at the school, the day that plaintiffs' son was assaulted was the first day the substitute teacher worked at the school. Thus, she was not in a position to know whether school authorities were aware of prior sexual assaults upon students.
Defendants submitted the deposition testimony of various other witnesses, none of whom were in a position to know whether there had been prior sexual assaults at the school. Thus, inasmuch as the former assistant principal testified that information about previous incidents would not necessarily be shared with teachers and staff and the other witnesses were not in a position to know whether there were previous incidents, defendants failed to establish that they lacked actual or constructive notice of prior similar sexual assaults.
Because defendants failed to meet their burden, the court properly denied defendants' motion regardless of the sufficiency of plaintiffs' opposing papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court