**Pinnacle Bus. Funding LLC v American Iron & Crane, Inc.**

2026 NY Slip Op 30679(U)

February 19, 2026

Supreme Court, Kings County

Docket Number: Index No. 519126/2025

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 19th day of February 2026.

P R E S E N T:
Honorable Reginald A. Boddie
Justice, Supreme Court

---------------------------------------------------------------x

PINNACLE BUSINESS FUNDING LLC,

                            Plaintiff,

              -against-

AMERICAN IRON & CRANE, INC. and GEORGE M HOY,

                            Defendants.

---------------------------------------------------------------x

Index No. 519126/2025

Cal. No. 18-19 MS 1-2

**Decision and Order**

| The following e-filed papers read herein: | NYSCEF Doc Nos. |
| --- | --- |
| MS 1 | 6-27, 32-35 |
| MS 2 | 28, 36-47 |

Plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment are decided as follows:

### Background

This action arises out of a Standard Merchant Cash Advance Agreement (the "Agreement") dated October 15, 2024, under which plaintiff purchased 9% of defendant American Iron & Crane Inc.'s future receivables up to $507,350 in exchange for $365,000, with defendant George M. Hoy executing a personal guarantee of performance. Plaintiff contends it funded the purchase price, defendants made $303,309.59 in remittances, then defaulted on April 2, 2025 by stopping ACH debits and ceasing remittances, leaving an alleged balance of $204,040.41. Plaintiff now moves

**1**

[* 1]

for summary judgment on its breach of contract claims and to strike defendants' affirmative defenses, arguing it has made a prima facie showing of the Agreement, its performance, defendants' breach, and damages. Plaintiff further argues that defendants' usury defense fails because the agreement is not a loan under New York law, that the unconscionability defense is conclusory and unsupported by any showing of procedural or substantive unconscionability, and that the remaining affirmative defenses are boilerplate and insufficient to raise a triable issue.

Defendants cross-move for summary judgment dismissing the complaint, arguing that the transaction is an usurious commercial loan with absolute repayment, that the purported reconciliation provision is illusory and equivocal, and was treated as discretionary in practice. Defendants assert the arrangement was imposed in a high-pressure, predatory, non-negotiable setting, included a personal guaranty consistent with a loan, and carried criminally usurious rates when fees and charges are considered, rendering the contract void and unenforceable.

In opposition, plaintiff argues that this action presents a straightforward breach-of-contract claim arising from a bona fide purchase of future receivables and related performance guaranty, not a loan, and therefore defendants cannot establish usury as a matter of law. Plaintiff contends the record refutes defendants' claim that the reconciliation provision was illusory, asserting that defendants never submitted the contractually required written reconciliation request and instead ceased payments while failing to provide requested financial documentation. Plaintiff asserts that, having failed to invoke the reconciliation procedure, defendants may not speculate that reconciliation would have been denied. Plaintiff further argues that defendants fail to establish the remaining elements of usury, as the Agreement contains no interest rate on its face and defendants offer no evidence of usurious intent, rendering their defenses, including unconscionability, conclusory and insufficient to defeat plaintiff's prima facie showing.

In reply, defendants reassert that the Agreement functioned in substance as a short-term commercial loan and refinance carrying criminally usurious terms with an APR of approximately 101%, and that the reconciliation provision was discretionary in practice. Defendants assert that they provided financial records and sought payment relief prior to default, constituting a de facto reconciliation request that plaintiff ignored while instead proposing additional financing at usurious rates. Defendants contend that, at minimum, factual issues exist regarding whether reconciliation was genuinely available and whether the parties' course of dealing rendered repayment effectively absolute.

### Discussion

It is well established that summary judgment is warranted when "the proponent makes a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the opponent fails to rebut that showing" (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010] [citation omitted]). Once the proponent has made a prima facie showing, the burden then shifts to the motion's opponent to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). Upon a motion for summary judgment, the court's function is one of issue finding rather than issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012] [citation omitted]).

"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be"

**3**

(*Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022] [citation omitted]). "To determine whether a transaction constitutes a usurious loan: [t]he court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances" (*id.* [internal quotation marks omitted]). "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*id.*). "Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*id.*).

Here, plaintiff established with documentary evidence, prima facie, that the Agreement concerns the purchase and sale of future receivables, not a loan subject to usury statutes, as (i) repayment was contingent on defendants' generation of future receivables, (ii) the Agreement contains a mandatory reconciliation provision, (iii) the Agreement lacks a finite term, and (iv) the Agreement expressly provides that bankruptcy does not constitute a default event. Plaintiff has also shown that the personal guaranty renders the guarantor jointly and severally liable for the merchant's default.

However, defendants, in opposition, raise triable issues of fact as to whether the reconciliation provision contained in the Agreement provides a genuine and enforceable right of reconciliation or is illusory in nature. "[W]hile the presence of a purported reconciliation provision is an indication of whether an agreement constitutes a loan and regardless of the inclusion of the buzz words purporting to confer such protection, the court must assess whether the agreement at issue before it make[s] clear on its face whether it conferred that right" (*Royal Bus. Group, LLC v Sky Airparts Intern. Inc.*, 2025 N.Y. Slip Op. 30508[U], 4-5 [N.Y. Sup Ct, Monroe County 2025] [citation and internal quotation marks omitted]). "If there is no true obligation to reconcile, despite

4

[* 4]

the inclusion of a purported reconciliation provision, the true nature of the agreement will be called into question" (id.).

Here, the reconciliation clause provides, in relevant part:

"4. Reconciliations. ... In order to effectuate the reconciliation, any Merchant must produce with its request any and all statements (a month to date statement may be used to cover any period for which a monthly statement is not available) covering the period from the date of this Agreement through the date of the request for a reconciliation and, if available, the login and password for the Account. PBF will complete each reconciliation requested by any Merchant within two business days after receipt of proper notice of a request for one accompanied by the information and documents required for it. PBF may also conduct a reconciliation on its own at any time by reviewing Merchant(s)'s Receivables covering the period from the date of this Agreement until the date of initiation of the reconciliation, each such reconciliation will be completed within two business days after its initiation, and PBF will give each Merchant written notice of the determination made based on the reconciliation within one business day after its completion. ... Nothing herein limits the amount of times that a reconciliation may be requested or conducted."

The reconciliation clause requires a merchant seeking reconciliation to provide written notice together with "any and all statements" and other documentation, after which plaintiff may determine whether the request is properly supported before conducting reconciliation. Such requirements may afford plaintiff discretion to delay or effectively deny reconciliation, and defendants contend that, as occurred here, despite providing financial information and engaging in extensive communications concerning declining revenues and proposed payment adjustments, plaintiff failed to timely implement reconciliation.

Furthermore, genuine issues of material fact preclude the granting of summary judgment in plaintiff's favor on liability. While plaintiff has established a prima facie entitlement to judgment through the executed Agreement, proof of funding, payment history, and evidence of defendants' cessation of remittances, defendants raise triable issues concerning the parties' performance under the Agreement, particularly with respect to the operation of the reconciliation provision.

5

[* 5]

Here, defendants submitted sworn affirmations and contemporaneous email communications reflecting extensive discussions among the parties concerning defendants' declining cash flow and proposed adjustments to weekly remittances pursuant to the Agreement. Defendants contend that these communications, although not expressly labeled a "reconciliation" request, constituted a request for reconciliation or accommodation within the meaning of the Agreement, and that plaintiff failed to timely adjust payments or implement reconciliation, instead proposing alternative financing arrangements at usurious rates. Plaintiff disputes this characterization and asserts that defendants did not invoke reconciliation in the manner required by the Agreement, but does not meaningfully dispute that such communications and exchanges occurred.

Whether the parties' communications and the financial documentation provided by defendants constituted a reconciliation request within the meaning of the Agreement, and whether the parties' respective conduct and timing of their proposals amounted to a breach by either side, present issues of fact that cannot be resolved on summary judgment.

### Conclusion

Based on the foregoing, plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment are both denied. Any argument not explicitly addressed herein was considered and deemed to be without merit or unnecessary to address given the court's determination.

ENTER:

Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

6

[* 6]