(April 17, 1990)

■ LISA COON, an Infant, by Her Parent and Natural Guardian, LAURIE A. FONTANA, et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, Bronx County (Vincent G. Bradley, J.), entered September 30, 1988, upon a jury verdict in favor of defendant Board of Education of the City of New York, unanimously reversed, on the law, the judgment vacated, and a new trial ordered, without costs.

The infant plaintiff was injured in a stairwell of Public School 72 in the Bronx. She was trampled by running students. The plaintiff's theory was that there was negligent supervision of the children as they went down the stairs.

In charging the jury on adequate supervision, the court stated: "[T]he Board of Education has a mandatory duty [to] pupils, while under its control to exercise reasonable care for their safety and to provide general supervision to protect them against dangers *of which the Board had notice."* (Emphasis added.)

The infant's counsel took exception to that portion of the charge. A verdict was rendered for the defendant. The duty of a school district to supervise is unqualified and mandatory. *(See, Decker v Dundee Cent. School Dist.,* 4 NY2d 462, 464.) Where duty to supervise is mandatory, notice is not an issue. This is not disputed by the Board of Education, but it argues that the court's charge correctly reflected the rule that *specific* dangers require notice. The language of the charge here conveyed to the jury the impression that the Board's *general* duty to supervise was dependent on notice, which was an incorrect statement of the law.

We have examined the other issues raised by the plaintiff and find them without merit. Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.