■ JEWELL MANESS, Appellant, v CITY OF NEW YORK et al.,

Respondents. [607 NYS2d 325] —Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered February 25, 1991, which granted the defendant's motion to set aside a jury verdict in favor of the plaintiff and dismissed the complaint, unanimously affirmed, without costs.

The plaintiff instituted this action to recover for the wrongful death of her thirteen year old son who was shot to death on January 11, 1983 in the vicinity of the Roberto Clemente Junior High School during lunch hour. After playing football in the area, the decedent and his friend sat on top of a parked car to wait for the bell announcing the resumption of class. The school permitted students to leave the building or eat in the cafeteria. Those who ate in the school were required to leave the building after finishing lunch. An argument erupted which resulted in a boy from another school pulling out a gun and shooting the decedent.

The plaintiff maintained that the decedent's death was due to the defendant's inadequate supervision. Although school policy provided for four or five staff members to be outside monitoring the activities, fewer were actually on duty. According to a student who witnessed the shooting, no staff members had been in the vicinity at the time of the incident. The jury returned a verdict in favor of the plaintiff. The trial court, however, granted the defendant's motion to set aside the verdict and dismissed the complaint. The court found that the decedent voluntarily left the custody of the school and that since his injuries resulted from the intervening acts of a third party, "[t]here is no factual basis to conclude that defendant had any actual knowledge constituting notice of a particular danger at a particular time or could it be anticipated that an altercation between other boys would cause injury to [the decedent]." In sum, the court concluded that the supervision by the defendant was adequate.

While we disagree with the reasoning of the Supreme Court, upon viewing the evidence in a light most favorable to the plaintiff (*Alexander v Eldred,* 63 NY2d 460; *Cohen v Hallmark Cards,* 45 NY2d 493, 499), the evidence was insufficient as a matter of law to support the jury's verdict that the lack of supervision of the students was the proximate cause of the decedent's death.

The Board of Education has a duty to exercise the " 'same degree of care and supervision over the pupils under its control as a reasonably prudent parent would exercise under the same circumstances' " (*Logan v City of New York,* 148

AD2d 167, 171, quoting PJI 2:227; *and see, Mirand v City of New York,* 190 AD2d 282, 287-288). Contrary to the conclusion reached by the Supreme Court, the decedent did not leave the custody of the school when he went outside during the lunch hour *(see, Pratt v Robinson,* 39 NY2d 554; *Spiegler v School Dist.,* 17 NY2d 528; *cf., Griffith v City of New York,* 123 AD2d 830, *lv denied* 69 NY2d 729). Students were permitted to leave the building during the recess and, in fact, those who ate in the cafeteria were thereafter directed outside. Thus no students were permitted to remain in the school. However, a school is not an insurer of its students' safety *(Hanley v Hornbeck,* 127 AD2d 905, 906). Although a school owes a special duty to its students, it will not be held liable for injuries which are not proximately related to the absence of supervision *(supra).*

There is nothing in the record to establish that the absence of supervision caused the decedent's death. Because the plaintiff has only appealed from the order setting aside the verdict, there not yet being a final judgment, certain evidentiary rulings are not before us for review. They will be reviewable after entry of judgment. We note, however, that the plaintiff may well have been prevented from establishing causation by an erroneous evidentiary ruling precluding the testimony of a security expert. The court refused to qualify the plaintiff's witness, a former sergeant in the New York City Police Department, who later became Deputy Chief and then Chief of the Office of School Safety for the New York City Board of Education, as an expert, because he had left his position with the Board of Education in 1981 and the shooting occurred in 1983. The court refused to qualify him as an expert on the ground that he would not be familiar with the Board's 1983 policy with regard to the supervision of students. The fact that the witness left the Board of Education prior to the time of the incident, however, affected at most only the weight, not the admissibility, of his testimony *(Anderson v Muniz,* 125 AD2d 281, 284). The testimony would have been material and relevant, and was necessary to establish security standards calling for professional or technical knowledge *(see, De Long v County of Erie,* 60 NY2d 296, 307; *and see, Mirand v City of New York, supra,* at 289). It was also error to preclude evidence of prior incidents involving altercations and the presence of weapons in and around the school *(see, Miller v State of New York,* 62 NY2d 506; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518-519). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Rubin, JJ.