■ JENAYET M. BANAYAN, Respondent, v F.W. WOOLWORTH Co., Appellant. [622 NYS2d 24] —Judgment, Supreme Court, New York County (Carol Arber, J.), entered November 4, 1993, which, upon a jury verdict, awarded plaintiff a total of $138,810, plus interest, unanimously affirmed, without costs.

It was within the province of the jury to accept the store manager's testimony with regard to notice of prior criminal activity within defendant's store, and it was not necessary that he have firsthand knowledge of that activity or that the criminal activity be of the precise type encountered by plain-

tiff *(see, Jacqueline S. v City of New York,* 81 NY2d 288, 294-295).

While a public establishment is under no duty to protect its customers from the unforeseeable risk of harm from the criminal activities of third persons on the premises, there is nevertheless a duty to control the conduct of such persons when the establishment has the opportunity to control or is reasonably aware of the necessity for such control *(see, Rivera v 21st Century Rest.,* 199 AD2d 14, 15), and in this regard the jury was entitled to believe the testimony of plaintiff and her sister that defendant's assistant manager witnessed the assault upon plaintiff from a short distance and heard their cries for help, but made no effort to stop the attack.

Similarly, since liability does not depend upon the breach of duty being the sole cause of plaintiff's injury, and it is evident that a uniformed security presence and security cameras may have a deterrent effect *(see, Mirand v City of New York,* 190 AD2d 282, 291, *affd* 84 NY2d 44), especially during the crowded Christmas shopping period when the instant assault occurred, the finding that inadequate store security was a proximate cause of plaintiff's injuries was not against the weight of the evidence.

Although defendant correctly notes that internal operating rules are not admissible where they impose a duty higher than that actually owed *(see, Clarke v New York City Tr. Auth.,* 174 AD2d 268, 275-276), plaintiff did not introduce defendant's operating procedures in order to set forth the scope of defendant's duty, and that it had failed to comply with it, but rather sought to demonstrate that defendant lacked *any* guidelines at all with regard to the type of activity encountered herein despite its recognition of the need for security and its published standards covering numerous unrelated contingencies.

Contrary to defendant's contention, our decision in *Cruz v Madison Detective Bur.* (137 AD2d 86) held only that the testimony of a witness had been improperly excluded because such witness had met the threshold requirement for qualification as an expert *(supra,* at 91), and does not stand for the proposition that expert testimony is always required to support a claim of inadequate security. To the extent that recent dicta in *Maness v City of New York* (201 AD2d 347, 349) may be to the contrary, it is distinguishable from the instant action. Implicit in the trial court's rulings with regard to the hypothetical questions posed to the lay witness herein, and

unlike the situation in *Maness,* was the permissible discretionary determination that, where there was no published security plan, no uniformed guards, no security cameras, and limited store personnel on a Sunday the week before Christmas, the issue was not beyond the ken of the typical juror and therefore did not call for professional or technical knowledge *(see, De Long v County of Erie,* 60 NY2d 296, 307). In any event, the tenor of the witness's testimony, taken as a whole, was that the store had not violated its duty to keep its customers safe, and thus the admission of this testimony was not prejudicial to defendant.

The award for past and future pain and suffering was not unreasonable, as defendant's otolaryngologist conceded that his diagnosis was rendered without benefit of examining either a photograph of plaintiff before her nose was broken in the store altercation or the emergency room X-ray, and on this basis the jury may have rationally rejected his opinion in favor of that of plaintiff's expert. Conflicts between other medical experts with regard to plaintiff's emotional injuries were likewise for the jury to resolve *(see, Brotman v Biegeleisen,* 192 AD2d 410, *lv denied* 82 NY2d 654). Nor did the relatively modest award exceed reasonable compensation in any respect.

We have considered appellant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ.