[646 NYS2d 508]

DAVID GARCIA, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Defendant, and NEW YORK CITY BOARD OF EDUCATION, Appellant.

First Department, August 15, 1996

## APPEARANCES OF COUNSEL

*Cheryl Payer* of counsel *(Stephen J. McGrath* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for appellant.

*Harry Steinberg* of counsel *(Brian J. Shoot* on the brief; *Schneider, Kleinick, Weitz, Damashek & Shoot,* attorneys), for respondent.

## OPINION OF THE COURT

Toм, J.

The issue presented on this appeal concerns whether defendant New York City Board of Education (Board of Education) may be found liable for the sexual assault of a kindergarten student, who was sent to the bathroom alone and unsupervised.

Plaintiff, by his mother, commenced this action by the service of a summons and verified complaint, asserting that the school was negligent in permitting the attack on plaintiff infant, and that such attack was reasonably foreseeable. The salient facts of this action are not in dispute. On October 27, 1988, the infant plaintiff, a five-year-old kindergarten student at P.S. 87, was permitted to go to the bathroom alone, where he was anally molested by an individual believed to be an older student at the school. Although plaintiff subsequently identified a student in the cafeteria as his attacker, for reasons not germane to this appeal, that boy was never charged.

The matter proceeded to trial, at the conclusion of which the jury found that the kindergarten teacher breached her duty of care by permitting plaintiff to go to the bathroom unaccompanied; that it was reasonably foreseeable that an unaccompanied child would be subject to harm by the acts of third persons; and that allowing plaintiff to proceed to the bathroom alone was the proximate cause of the injuries. The jury awarded plaintiff $10,000 in medical/psychiatric expenses to date, $110,000 for such future expenses, $250,000 for pain and suffering to date, and $165,000 for future pain and suffering.

Defendant moved to dismiss the complaint at the close of evidence, which was denied by the trial court. Following the

jury's verdict, defendant moved to dismiss the verdict, which was also denied by the trial court in a written order dated March 28, 1995. Defendant appeals and we now affirm.

While we recognize the general rule that educational institutions are not the insurers of the safety of their students and cannot be held liable for every instance in which one pupil injures another (*Lawes v Board of Educ.*, 16 NY2d 302, 306; *Ohman v Board of Educ.*, 300 NY 306, 309), schools are, however, under a duty to adequately supervise their students and are liable for foreseeable injuries which are proximately caused by the absence of such supervision (*Decker v Dundee Cent. School Dist.*, 4 NY2d 462, 464; *Mirand v City of New York*, 84 NY2d 44, 49; *Hanley v Hornbeck*, 127 AD2d 905, 906; *Lauricella v Board of Educ.*, 52 AD2d 710, 711).

The nature of this duty was stated long ago by Judge Loughran and is often repeated: "[a]t recess periods, not less than in the class room, a teacher owes it to his charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (*Hoose v Drumm*, 281 NY 54, 57-58; *Mirand v City of New York, supra*, at 49; *Lawes v Board of Educ., supra*, at 305; *Ohman v Board of Educ., supra*, at 309; *Thompson v Ange*, 83 AD2d 193, 196). This duty derives from the fact that the school, once it takes over physical custody and control of the children, effectively takes the place of their parents and guardians (*Mirand v City of New York, supra*, at 49; *Pratt v Robinson*, 39 NY2d 554, 560; *Shante D. v City of New York*, 190 AD2d 356, *affd* 83 NY2d 948; Restatement [Second] of Torts § 320, comment *b*). It has also been noted that whether the actions of a school, or its board members, are adequate and reasonable and, if they are not, whether the negligence is the proximate cause of plaintiff's injuries, are almost always questions of fact (*Logan v City of New York*, 148 AD2d 167, 172).

In the matter at bar, while class was in session, plaintiff, a child of very tender age, was sent by his teacher from the classroom to the school bathroom, alone and unsupervised, where the assault occurred. This was done despite two separate school memoranda, circulated amongst the school's staff, which explicitly provided security procedures to the contrary. The first memorandum, entitled "Security Arrangements", and signed by the principal of the school, states: "The public access at the front door is monitored by a school or a district school guard. Staff and aides monitor the general security within the school building. *Teachers are instructed to send all*

*pupils under third grade to the bathroom with a partner."* (Emphasis added.)

The second document, which is the school security plan itself, states, in pertinent part: "To further insure security any child leaving your room or corridor area must have a pass. *Young children should go in pairs."* (Emphasis added.)

During the course of the trial, Ms. Naomi Hill, the school principal, testified, *inter alia*, that the reason for the rule that children under the third grade go to the bathroom in pairs is because it makes them more secure from attacks by third parties, and that she considered the bathroom a place where the children would be particularly vulnerable, more so than the school's hallways.

In view of the foregoing, and by the use of plain common sense, we conclude that the school, acting in loco parentis, did not act with ordinary prudence in allowing the five-year-old plaintiff to proceed to the bathroom alone. The jury reached the same result. Defendant argues, however, that because the school had no notice of any similar incidents or of any prior dangerous conduct by the alleged assailant, the complaint must be dismissed. Under the facts of this case, we disagree.

The Court of Appeals recently summarized the principles applicable to this issue as follows: "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated * * *. Actual or constructive notice to the school of prior similar conduct *is generally required* because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily; an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (emphasis added). (*Mirand v City of New York, supra*, at 49.)

Actual or constructive notice is "generally" required because there is no way a school can foresee and take precautions against a sudden, spontaneous act by a fellow student. An injury caused by an unanticipated act of a fellow student "ordinarily" will not give rise to liability absent proof of prior conduct which would have put the school on notice. In *Mirand*,

however, the Court of Appeals was concerned with high school students who, for a myriad of reasons, cannot be so closely guarded so as to prevent an attack by one student against another.

In the case at bar, however, we have a five-year-old child, who was sent by his teacher to a public bathroom unescorted. The potential danger to the child under the circumstances of this case can be reasonably foreseen and could have been prevented by adequate supervision of the school. Thus, while it would be reasonable to allow high school students to go to a public bathroom unaccompanied, the same practice surely does not apply to a five-year-old child, who is unable to resist, is defenseless against attack, and poses an easy target for sexual molestation or other assaults. Stated another way, even the most prudent parent will not guard his or her teen at every moment in the absence of some foreseeable danger of which he or she has notice; but a five-year-old child in a public bathroom should be supervised or, at the very least, be accompanied by another child.

In *Coon v Board of Educ.* (160 AD2d 403), this Court, in reviewing a case where the school's alleged lack of supervision led to a student being trampled in a stairwell, held that "[w]here duty to supervise is mandatory, notice is not an issue."

In *Gonzalez v Mackler* (19 AD2d 229), a 15-year-old student was inadvertently injured by a pointer thrown by a second student at a third student. This Court, in the absence of allegations that there had been prior notice of such instances, held that issues of fact existed concerning whether the occurrence was proximately caused by the "omission to supply supervision", in that the teacher had left the classroom. *(Supra,* at 231.)

In *Logan v City of New York (supra)*, a 12-year-old student was raped in a school stairway after being sent, alone, to a classroom two floors above without supervision. This Court refused to dismiss the action, holding that, as a matter of law, it could not be found that the teacher's actions were that of a reasonably prudent parent, and that the strict security measures implemented by the school, by themselves, indicated an awareness by the school that a child was at risk of attack if left unescorted.

In the final analysis, we cannot say, as a matter of law, that the school, acting in loco parentis, performed in a reasonably prudent manner, as an ordinary parent would, when it sent

this five-year-old child to the bathroom unattended. Further, in view of the school's written security guidelines concerning young children, coupled with the principal's testimony clearly indicating an awareness of the risks to unescorted students in school corridors and bathrooms, we find that the jury could reasonably have come to the conclusion that the danger of the assault which occurred was foreseeable and preventable by proper supervision.

Accordingly, the judgment of the Supreme Court, New York County (Edward Greenfield, J.), entered May 15, 1995, which, after jury trial, awarded plaintiff $462,751, plus interest and costs, is unanimously affirmed, without costs. The appeal from the order of the same court and Justice, entered on or about March 28, 1995, which, *inter alia*, denied defendant's motion to dismiss the verdict, is dismissed as subsumed in the appeal from the judgment, without costs.

SULLIVAN, J. P., ELLERIN and RUBIN, JJ., concur.

Judgment, Supreme Court, New York County, entered May 15, 1995, affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 28, 1995, dismissed as subsumed in the appeal from the judgment, without costs.