■ MARC WESTON, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [722 NYS2d 811] —In an action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), entered July 27, 1999, which, upon a jury verdict awarding the plaintiff $85,000 for past pain and suffering, $9,443 for past medical expenses, and $2,700,000 for future pain and suffering, is in favor of the plaintiff and against them, (2) an order of the same court, dated November 23, 1999, which granted their motion pursuant to CPLR 4404 to set aside the verdict as to both liability and damages only to the extent of granting a new trial on the issue of damages for future pain

and suffering, unless the plaintiff stipulated to reduce the verdict as to damages for future pain and suffering from the sum of $2,700,000 to the sum of $500,000, and (3) an amended judgment of the same court, entered September 20, 2000, which, upon the jury verdict awarding the plaintiff $85,000 for past pain and suffering, $9,443 for past medical expenses, and $2,700,000 for future pain and suffering, and upon the stipulation of the plaintiff to reduce the verdict as to damages for future pain and suffering from the sum of $2,700,000 to the sum of $500,000, is in favor of the plaintiff and against them, and the plaintiff cross-appeals from the same amended judgment.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the plaintiff's cross appeal from the amended judgment is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, the order and the judgment are vacated, and a new trial is granted; and it is further,

Ordered that any award of costs is to abide the event of the new trial.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry thereon of the amended judgment in the action (*cf., Matter of Aho,* 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

On January 20, 1995, the plaintiff Marc Weston, then 14 years old, attempted to open a window in his classroom. While doing so, his arm punctured the glass, and his hand and wrist were lacerated. At trial, the plaintiff testified that his teacher gave him permission to open the window. The jury found that the teacher was negligent, and that such negligence was a substantial cause of the plaintiff's injuries.

"A teacher may be charged only with reasonable care such as a parent of ordinary prudence would observe in comparable circumstances" (*Ohman v Board of Educ.,* 300 NY 306, 309; *see, Garcia v City of New York,* 222 AD2d 192). In the instant case, the teacher himself testified that only teachers were au-

thorized to open and close the windows, which were 9-to-10 feet high and three-to-four feet wide. The teacher kept a window pole in the front of the classroom for that purpose.

The plaintiff's expert corroborated the teacher's testimony. According to the expert, there were two deviations from accepted practice: (1) the teacher allowed the window to be opened by a student, and (2) the teacher allowed the window to be opened without use of a window pole. Such testimony was proper (see, Rodriguez v Board of Educ., 104 AD2d 978; see also, Maness v City of New York, 201 AD2d 347). Accordingly, the evidence was sufficient to find the defendants negligent.

However, in its instructions to the jury, the trial court erroneously charged: "The first question for you to consider is whether there was previous notorious, open and notorious opening windows in the presence of this teacher * * * If you find either that there was activity going on and they had notice of that condition, and/or that he had adequate notice of the events of this morning, I don't know what time it was, to have focused on it, become aware of what was happening and taking corrective action, then you may find the Board negligent, if you find that the Board had either."

The instructions, as given, gave the jury the option of finding the defendants negligent if they had actual or constructive notice of the condition: in other words, if the defendants knew that students opened the windows, they could be found negligent. As noted in the defendants' brief, those instructions allowed the jury to assume "that allowing high school students to open a classroom window constituted negligence * * * in utter contravention of the reasonably prudent parent standard." The question of notice and the proper standard of care are two different questions (see, Garcia v City of New York, 222 AD2d 192). To find liability, the jury must find that the defendants had an opportunity to take corrective action, that their failure to do so constituted a breach of the reasonably prudent parent standard of care, and that the breach constituted a proximate cause of the plaintiff's injuries (see, Mirand v City of New York, 84 NY2d 44, 49). Therefore, the defendants are entitled to a new trial.

The defendants' remaining contentions are without merit. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.