■ JANE DOE, an Infant, by Her Parent, SALLY DOE, Respondent, v BOARD OF EDUCATION OF MORRIS CENTRAL SCHOOL et al., Appellants, et al., Defendant. [780 NYS2d 198]—

Crew III, J. Appeal from that part of an order of the Supreme Court (Monserrate, J.), entered November 20, 2003 in Otsego County, which partially denied certain defendants' motion for summary judgment dismissing the complaint.

At the time of the underlying incidents, plaintiff was a six-year-old first grade student at the Morris Central School. During the course of a one to three-week period in March 1997, plaintiff was inappropriately touched by a male 12-year-old sixth grade student while on the bus to and from school and in a bathroom attached to the nurse's office at the school. Specifically, plaintiff's assailant would either sit next to plaintiff on the bus or "drag" her into the bathroom in the nurse's office, whereupon he would offer her a small amount of money or bauble in exchange for allowing him to give her a "massage." These incidents came to light when plaintiff's aunt, a teacher's aide at the school, noticed plaintiff exiting the bus one day with money in her hand and plaintiff's assailant, a noticeably older student, hovering nearby. That same day, plaintiff's bus driver observed plaintiff's assailant waiting for her to exit the bus and, based upon conversations among other students on the bus regarding money, thought that the assailant had taken money from plaintiff. Both the bus driver and plaintiff's aunt reported their concerns to their respective supervisors, who thereafter notified the school principal. Plaintiff's assailant, who previously was the subject of a person in need of supervision petition, was suspended from school for five days. Ultimately, he admitted to acts which, if committed by an adult, would constitute the crime of sexual abuse in the second degree and he was placed in a residential facility.

Plaintiff thereafter commenced this action against defendants Board of Education of Morris Central School, Morris Public School District and Betty Teed, the bus driver in question (hereinafter collectively referred to as defendants), alleging, insofar as is relevant to this appeal, negligent supervision. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion as to all causes of action except the negligent supervision claims, finding a triable issue of fact as to whether ordinary prudence should have alerted school employees, particularly Teed, to potential harm once it became apparent that an older student was devoting an inordinate amount of attention to a much younger student. Defendants now appeal from that part of Supreme Court's order as declined to dismiss the negligent supervision claims.

We affirm. "It is well settled that '[s]chools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision' " (*Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720 [2002], *appeal*

*dismissed* 99 NY2d 610 [2003], quoting *Mirand v City of New York,* 84 NY2d 44, 49 [1994]). Schools, however, are not insurer's of students' safety; rather, they are obligated only to " 'exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances' " (*Mirand v City of New York, supra* at 49, quoting *Hoose v Drumm,* 281 NY 54, 57-58 [1939]). Where, as here, the underlying injury is caused by the intentional act of a fellow student, the "plaintiff [must] demonstrate, by the school's prior knowledge or notice of the dangerous conduct which caused the injury, that the acts of the fellow student[ ] could have reasonably been anticipated" (*Druba v East Greenbush Cent. School Dist.,* 289 AD2d 767, 768 [2001]; *see Morman v Ossining Union Free School Dist.,* 297 AD2d 788 [2002]). The adequacy of the school's supervision and whether the alleged lack thereof was a proximate cause of the underlying injury generally are questions of fact for a jury to resolve (*see Shoemaker v Whitney Point Cent. School Dist., supra* at 720; *Vonungern v Morris Cent. School,* 240 AD2d 926 [1997]).

Viewing the evidence, as we must, in a light most favorable to plaintiff, and based upon our review of the record as a whole, we agree with Supreme Court that it cannot be said, as a matter of law, that the underlying events were insufficient to put defendants on notice of a potentially harmful situation. As a starting point, the inappropriate touching at issue was not a one-time occurrence; such touching occurred multiple times over the course of a one to three-week period. Additionally, it is readily apparent that as time went on and the assailant was not caught, he became bolder in terms of his behavior. According to plaintiff, on the first day that her assailant offered to give her a massage, he touched only her head and shoulders outside her clothing. During this encounter plaintiff, who due to behavioral problems had been assigned a specific seat in the first row of the bus opposite the driver, was not sitting in her assigned seat because it was occupied by another student. On the second occasion, plaintiff's assailant touched her "private parts" outside her clothing. Again, plaintiff was not in her assigned seat because it was occupied by another student. On the third occasion, plaintiff's assailant touched her private parts inside her clothing. According to both plaintiff and her assailant, such conduct continued, sometimes occurring on both the ride to and from school. Additionally, plaintiff stated that her assailant began following her to the nurse's office (where she reported each day to obtain prescribed medication) and "dragging" her into the bathroom in that office, whereupon he would lower her pants and touch her. Although defendants argue that the mere fact that a 12-year-old boy sat next to a six-year-old girl on a

bus is insufficient to provide notice of a potentially harmful situation, the record makes clear that there was much more going on here. Given that the instances of inappropriate touching occurred on multiple occasions in two different locations over a period of time, it simply cannot be said, as a matter of law, that there were insufficient facts to put defendants on notice of a potentially harmful situation. Accordingly, Supreme Court's order denying the balance of defendants' motion for summary judgment dismissing the complaint is affirmed. Defendants' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.