■ HUNTER GEYWITS, an Infant, by His Mother and Guardian, AMY GEYWITS, et al., Respondents, v CHARLOTTE VALLEY CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. (Action No. 1.) COTTY HUBBARD, an Infant, by His Mother and Guardian, CHARON TEETER, et al., Respondents, v CHARLOTTE VALLEY CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. (Action No. 2.) BRUCE DUNCKLE II, an Infant, by His Mother and Guardian, MARION MOTT, et al., Respondents, v CHARLOTTE VALLEY CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. (Action No. 3.) AARON JEFFERS, an Infant, by His Parents and Guardians, MICHAEL JEFFERS et al., et al., Respondents, v CHARLOTTE VALLEY CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. (Action No. 4.) [949 NYS2d 834]—

McCarthy, J. Appeals from four orders of the Supreme Court (Becker, J.), entered September 27, 2011 in Delaware County, which denied motions by defendant Charlotte Valley Central School District for summary judgment dismissing the complaints against it.

In the fall of 2005, the infant plaintiffs were first grade students attending Charlotte Valley School, the sole school building for all students, prekindergarten through twelfth grade, in defendant Charlotte Valley Central School District (hereinafter defendant). Defendant James R. Quigley was a sophomore attending the school. Plaintiffs commenced these four separate actions sounding in negligent supervision against defendant based on allegations that on at least three occasions between September and November 2005, while the infant plaintiffs were walking unattended from the cafeteria to their classrooms after

---

* Petitioner's refund claim alone totals $2,710,051.17.

breakfast, Quigley asked them to accompany him into a bathroom stall and to pull down their pants, and he exposed himself and touched their private parts. Defendant separately moved for summary judgment in each action, conceding that plaintiffs had an expert who would create a question of fact regarding the adequacy of the level of supervision, but contending that defendant was entitled to dismissal of the complaints because it had no prior notice and the record lacked proof that one of the infant plaintiffs was abused. Supreme Court denied defendant's motions. Defendant appeals.

Defendant was entitled to summary judgment because it had no notice of prior similar conduct. Schools have a duty to adequately supervise students in their care and may "be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). The Court of Appeals has held that criminal intervention of a third party against a student may "be a 'reasonably foreseeable' consequence of circumstances created by" a school district's lack of supervision (*Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946 [1997], quoting *Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]). More recently, however, the Court of Appeals has reaffirmed the principle that a school will generally not be held liable for the unanticipated acts of a third party toward a student unless the school had "actual or constructive notice of prior similar conduct," such that the school could have reasonably anticipated the acts of the third party (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]). Because defendant's actions were not the direct cause of the infant plaintiffs' injuries, the question on the proximate cause issue is whether Quigley's conduct was unforeseeable such that it could constitute an intervening act that breaks the causal connection between the alleged lack of supervision and the injuries sustained (*see Mirand v City of New York*, 84 NY2d at 50).*

Here, defendant submitted proof that Quigley was a good student, had no significant or recent disciplinary history, and had no prior instances of sexually inappropriate or physical contact. The principal averred that he was unaware of any prior violent acts within the school building. No one had ever complained of any sexual activity or physical assaults in any

---

* We agree with the dissent's assertion that the rule discussed in *Brandy B.* does not insulate school districts from liability in all cases where an injury caused by a third party is the reasonably foreseeable result of circumstances created by the district's lack of supervision. The question here is whether the infant plaintiffs' injuries were reasonably foreseeable.

bathroom in the building, nor had any of the students who are parties here been involved in any prior incidents of sexual misconduct. Plaintiffs concede that there is no proof of actual notice of prior similar conduct. They argue that defendant was on constructive notice because the abuse allegedly happened three times over the course of several months, three of the boys came back late from breakfast two or three times during that time period, the bathroom did not have an exterior door, and the bathroom was located in the main hallway, next to the superintendent's and principal's offices. These circumstances did not create constructive notice that the abuse was occurring. Students of all grades, as well as staff, were allowed to use this bathroom. The principal testified that he used that bathroom himself, as it was the one closest to his office, and he never had to deal with any problems in that bathroom. The students were generally sent from the cafeteria to their classrooms in a group, not alone. A school is not on notice that children are being abused merely because they returned late to class on two or three occasions, especially when they explained their lateness by saying that the group of them stopped at the bathroom (compare Garcia v City of New York, 222 AD2d 192, 195 [1996], lv denied 89 NY2d 808 [1997] [finding question of fact as to liability where, among other things, school violated rule requiring teachers to have a buddy accompany young students to the bathroom]). The abuse allegedly took place inside a private stall within the bathroom and it apparently lasted for only a few minutes on each occasion (compare Bell v Board of Educ. of the City of N.Y., 90 NY2d at 946-947; Armellino v Thomase, 72 AD3d 849, 850 [2010]; Doe v Fulton School Dist., 35 AD3d 1194, 1194-1195 [2006]).

Contrary to the dissent, we do not read Brandy B. v Eden Cent. School Dist. and other precedent from the Court of Appeals as narrowly restricting the appropriate rule to circumstances where the injury-producing conduct was impulsive, such as fellow students knocking into one another or throwing objects (see e.g. Diana G. v Our Lady Queen of Martyrs School, 95 AD3d 944, 944 [2012]; Convey v City of Rye School Dist., 271 AD2d 154, 159 [2000]). Even if conduct was planned by a third party, it can still be unanticipated from the perspective of a school district so as to constitute an intervening act breaking the causal connection despite a question of fact regarding the adequacy of supervision (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302). Although the record contains a question of fact regarding whether defendant provided a sufficient level of supervision to some of its students, defendant was entitled to summary judgment because defendant had no notice that the illegal ac-

tions of a third party, i.e., Quigley, could reasonably have been anticipated, rendering the abuse unforeseeable (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d at 302-303; *but see Kim L. v Port Jervis City School Dist.*, 77 AD3d 627, 630 [2010]; *Garcia v City of New York*, 222 AD2d at 195-196).

Even if there was sufficient notice to defendant, the record lacks proof that plaintiff Hunter Geywits was sexually assaulted. Shortly after the situation was revealed, Geywits told his mother, the principal and the police that nothing happened. He testified similarly at his deposition and a hearing pursuant to General Municipal Law § 50-h. None of the other infant plaintiffs identified Geywits as having been touched by Quigley. An expert psychologist who examined Geywits at plaintiffs' request could not conclude that he was sexually abused. Thus, the complaint filed by Geywits and his mother must also be dismissed based on the total lack of proof that Quigley sexually abused or assaulted him.

Mercure, J.P., Rose and Lahtinen, JJ., concur.

Stein, J. (concurring in part and dissenting in part). While I agree with the majority that the action filed by plaintiff Hunter Geywits and his mother should be dismissed based upon a lack of evidence that he was sexually assaulted, I would permit the negligent supervision claims of the remaining infant plaintiffs against defendant Charlotte Valley Central School District (hereinafter defendant) to go forward. In my view, the majority's decision to dismiss the complaint as to all of the plaintiffs is based on a misapprehension of the current state of the law regarding school liability for the acts of third parties.

As noted by the majority, it is the well-settled rule that "schools have a duty to adequately supervise their students, and 'will be held liable for foreseeable injuries proximately related to the absence of adequate supervision' " (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 306 [1965]; *Decker v Dundee Cent. School Dist.*, 4 NY2d 462, 464 [1958]). Liability will be established where the school fails to supervise its students with the same degree of care as a parent of ordinary prudence in comparable circumstances and such negligent supervision was the proximate cause of the plaintiff's foreseeable injuries (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d at 302; *Mirand v City of New York*, 84 NY2d at 49). However, it is equally well recognized that school personnel cannot reasonably be expected to guard against every sudden or spontaneous act that occurs between students on a daily basis (*see Mirand v*

*City of New York*, 84 NY2d at 49; *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d at 306; *Armellino v Thomase*, 72 AD3d 849, 850 [2010]). Therefore, the Court of Appeals articulated long ago, and recently reiterated, the principle that a school district may *generally* avoid liability for the *unanticipated* acts of a third party in the absence of "actual or constructive notice of prior similar conduct" (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d at 302; *see Mirand v City of New York*, 84 NY2d at 49; *Bertola v Board of Educ. of City of N. Y.*, 1 AD2d 973 [1956]).

Based upon the foregoing, I agree that the question here is whether plaintiffs' injuries were reasonably foreseeable. In my view, however, the rule requiring notice may be applied to insulate a school district from liability, as a matter of law, only in those cases where the adequacy of the supervision with respect to the plaintiff is not in question, such as where the injury results from the truly unforeseeable impulsive acts of third parties (*see e.g. Diana G. v Our Lady Queen of Martyrs School*, 95 AD3d 944, 944 [2012] [student knocked to the ground during game of tag; lack of supervision was not proximate cause of injury]; *Benavides v Uniondale Union Free School Dist.*, 95 AD3d 809 [2012] [the plaintiff pushed down slide during recess; level of supervision was not a proximate cause of accident]; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804, 805-806 [2012] [high school student assaulted by fellow student]; *Espino v New York City Bd. of Educ.*, 80 AD3d 496, 496-497 [2011], *lv denied* 17 NY3d 709 [2011] [sudden, spontaneous attack on high school student could not have been prevented by more supervision]).[1] I do not believe that the Court of Appeals intended in *Brandy B. v Eden Cent. School Dist.* to insulate schools from liability in all cases—no matter how inadequate the supervision—for an injury caused by a third party which is the reasonably foreseeable result of circumstances created by the school's inaction, despite the absence of actual or constructive notice of prior similar conduct (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946-947 [1997]; *Armellino v Thomase*, 72 AD3d at 850; *Doe v Fulton School Dist.*, 35 AD3d 1194, 1195 [2006]; *Garcia v City of New York*, 222 AD2d 192, 195 [1996], *lv denied* 89 NY2d 808 [1997]).

Nor do I believe that there has been any change in the legal principle that the issue of whether the level of supervision

---

1. Even in *Brandy B.*, the issue was not whether there was adequate supervision, generally, on the school bus on which the acts occurred, but whether the school had sufficient knowledge of the assaulting student's propensity to act inappropriately so as to require it to take steps to prevent him from doing so.

provided by a school is adequate and reasonable—and, if not, whether the school's negligence is the proximate cause of the plaintiff's injuries—is almost always a question of fact (*see Doe v Board of Educ. of Morris Cent. School*, 9 AD3d 588, 590 [2004]; *Garcia v City of New York*, 222 AD2d at 194).[2] Such determinations are guided by the circumstances of each case including, as particularly relevant here, the age of the children and the nature of the injurious act involved (*see Espino v New York City Bd. of Educ.*, 80 AD3d at 496; *Garcia v City of New York*, 222 AD2d at 194).

Here, the facts are not disputed. Six-year-old children were regularly permitted to walk from the school cafeteria to their classroom unattended. Even if they were *generally* sent in a group, there is no indication in the record of any policy or practice of ensuring that they remained in the group and did not, for example, take a detour to the bathroom en route. The hallways and the restroom in which the alleged assaults occurred were also used by secondary students, including defendant James R. Quigley who, at the time of the events, was a high school sophomore. In my view, while it would certainly be reasonable to allow high school students to traverse the hallways and go to the restroom unaccompanied, it cannot be said as a matter of law, that defendant acted as a reasonably prudent parent would when it allowed these six-year-old children to do so (*see Garcia v City of New York*, 222 AD2d at 196-197) and Quigley's conduct was not an "impulsive, unanticipated act that could not reasonably have been anticipated" and prevented with appropriate supervision (*Diana G. v Our Lady Queen of Martyrs School*, 95 AD3d at 945; *compare Decker v Dundee Cent. School Dist.*, 4 NY2d at 465; *Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]). Rather, as alleged by plaintiffs, this case involves ongoing conduct that occurred three times over the course of several months (*see Doe v Board of Educ. of Morris Cent. School*, 9 AD3d at 591). Under these circumstances, a jury might "reasonably infer that, had there been adequate supervision . . . the danger would have come to the attention of some person in authority, and steps taken to prevent its repetition" (*Decker v Dundee Cent. School Dist.*, 4 NY2d at 464; *see Doe v Board of Educ. of Morris Cent. School*, 9 AD3d at 591; *Garcia v City of New York*, 222 AD2d at 197) or may not have materialized at all.

Based on the foregoing, I would find that questions of fact exist as to whether defendant breached its duty to provide ade-

---

**2.** Indeed, as the majority notes here, defendant concedes that a question of fact exists regarding the adequacy of the supervision provided.

quate supervision and, if so, whether such breach was the proximate cause of the injuries alleged by all plaintiffs except Geywits and would affirm Supreme Court's denial of defendant's motion for summary judgment as to such plaintiffs.

Ordered that the orders are reversed, on the law, without costs, motions granted, summary judgment awarded to defendant Charlotte Valley Central School District, and complaints dismissed against it.