Jane Doe One v KIPP Found. (2025 NY Slip Op 06903)

Jane Doe One v KIPP Found.

2025 NY Slip Op 06903

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Index No. 70424/21|Appeal No. 5346|Case No. 2024-05661|

[*1]Jane Doe One, Plaintiff-Respondent,
v
KIPP Foundation, et al., Defendants-Appellants. KIPP Academy Charter school, et al., Defendants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Dean L. Pillarella of counsel), for appellants.
Newman Ferrara, LLP, New York (Debra S. Cohen of counsel), for respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered on about August 8, 2024, which, insofar as appealed from as limited by the briefs, denied the motion of defendants KIPP Foundation and Michael Feinberg to dismiss the complaint as against them, unanimously modified, on the law, to grant the motion as to Michael Feinberg and as to all claims against KIPP Foundation accruing prior to April 20, 2000, and otherwise affirmed, without costs.
The complaint sufficiently states a negligence cause of action against KIPP Foundation for "failure to establish policies and procedures." Plaintiff alleges that she was a minor in the care and custody of KIPP Foundation when the abuse occurred, which is sufficient to withstand the motion to dismiss (see Garcia v City of New York, 222 AD2d 192, 196 [1st Dept 1996], lv denied 89 NY2d 808 [1997]; Coon v Board of Educ. of City of N.Y., 160 AD2d 403, 403 [1st Dept 1990]; Logan v City of New York, 148 AD2d 167, 171 [1st Dept 1989]). However, the complaint fails to make any such allegations against defendant Feinberg or allege that he, as an individual, had any role in hiring, training, supervising, or policymaking during the relevant period (see Jane Doe Three v KIPP Academy Charter Sch., 235 AD3d 406, 408 [1st Dept 2025]). Any claims accruing prior to April 20, 2000 against KIPP Foundation must be dismissed in light of its showing that it did not exist until that date (id. at 407; see also J.S. v City of New York, 238 AD3d 512 [1st Dept 2025]).
We have considered KIPP Foundation's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025