John Doe 42 v Yeshiva Univ. (2026 NY Slip Op 00225)

John Doe 42 v Yeshiva Univ.

2026 NY Slip Op 00225

Decided on January 20, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 20, 2026

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 951363/2021|Appeal No. 5193|Case No. 2024-02724|

[*1]John Doe 42, et al., Plaintiffs-Respondents,
vYeshiva University, et al., Defendants- Appellants.

Seyfarth Shaw LLP, New York (Matthew C. Catalano of counsel) for appellants
Kevin T. Mulhearn, P.C., Orangeburg (Kevin T. Mulhearn of counsel) for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about April 8, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint as against defendant Robert Hirt and the third cause of action for negligent failure to provide a safe and secure environment as against all defendants, and to strike the demand for punitive damages, unanimously modified, on the law, to dismiss the third cause of action, and otherwise affirmed, without costs.
The four plaintiffs in this appeal allege that at various times between 1971 and 1986, they were subjected to repeated sexual abuse while they were students at Yeshiva University High School.[FN1] In 2021, plaintiffs brought this action pursuant to CPLR 214-g, the Child Victims Act (CVA). The complaint alleged three causes of action against defendants Yeshiva University, Marsha Stern Talmudical Academy—Yeshiva University High School for Boys, and Rabbi Robert Hirt: 1) negligent supervision; 2) negligent retention; and 3) negligent failure to provide a safe and secure environment. Specifically, each plaintiff claims that Rabbi George Finkelstein, a long-time principal at the high school, sexually abused them on school grounds, and, in some instances, at his apartment. According to plaintiffs, several Yeshiva University administrators and officials, including Hirt, received numerous sexual abuse complaints against Finkelstein prior to and contemporaneous with the abuse of plaintiffs. Plaintiffs also allege that before their abuse, some administrators and officials even observed Finkelstein sexually abusing students.
The motion court properly denied defendants' motion to dismiss all claims against Hirt. Plaintiffs' allegations that Hirt, as a person in a position of authority at defendant institutions, knew or should have known of the alleged abuser's propensities to commit sexual abuse and either condoned them or covered them up, were sufficient to withstand the dismissal motion (see G.T. v Roman Catholic Diocese of Brooklyn, N.Y., 211 AD3d 413, 413 [1st Dept 2022]; see also M.O. v Archdiocese of N.Y., 228 AD3d 583, 583-584 [1st Dept 2024]). Moreover, the complaint's allegations sufficiently put defendants on notice of the claims against Hirt, as "at this pre-answer stage of the litigation, such information [as to knowledge] is in the sole possession and control of the movant" (G.T., 211 AD3d at 413; see also SHC-MG-25 Doe v Archdiocese of N.Y., 223 AD3d 579, 580 [1st Dept 2024]; ARK265 Doe v Archdiocese of N.Y., 221 AD3d 422, 422-423 [1st Dept 2023]).
Plaintiffs' demand for punitive damages was also properly sustained by the motion court. The complaint alleges facts supporting plaintiffs' assertions that defendants were aware generally of systemic sexual abuse, knew specifically of the alleged abuser's propensity to commit sexual abuse, permitted the abuse to occur, and covered it up by admonishing the reporters of the abuse to stop "gossiping." In addition, the complaint alleges that these acts were so malicious, willful, and wanton that they constitute a grievous injury to plaintiffs and the public at large, giving rise to punitive damages (see Don Buchwald & Assoc. v Rich, 281 AD2d 329, 330 [1st Dept 2001]). At this prediscovery phase, such allegations suffice to survive defendants' motion to dismiss the punitive damages demand (see C.R. v Episcopal Diocese of N.Y., — AD3d &mdash, &mdash, 2025 NY Slip Op 05144, *13 [1st Dept 2025]).
However, the motion court should have granted defendants' motion to dismiss plaintiffs' third cause of action, for negligent failure to provide a safe and secure environment. To establish a negligence claim, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (Solomon v City of New York, 66 NY2d 1026, 1027 [1985]).
Here, the duty element for plaintiffs' third claim is premised on the special duty owed to them under the doctrine of in loco parentis. The application of this doctrine to schools originated in Hoose v Drumm (281 NY 54, 57-58 [1939]). In Hoose, the Court of Appeals found that teachers and schools owe their students "such care of them as a parent of ordinary prudence would observe in comparable circumstances" (id. at 58). This duty stems from the fact that schools "in assuming physical custody and control over [their] students, effectively take[] the place of parents and guardians" (see Mirand v City of New York, 84 NY2d 44, 49 [1994]). Negligence claims based on in loco parentis require actual or constructive notice to the school of previous similar conduct (id.; cf. Garcia v City of New York, 222 AD2d 192 [1st Dept 1996], lv denied 89 NY2d 808 [1997]).[FN2]
Although plaintiffs adequately pleaded a claim for negligent failure to provide a safe and secure environment, this claim should have been dismissed as duplicative of plaintiffs' claims for negligent supervision and negligent retention. A cause of action is duplicative when it relies on the same facts and seeks the same relief as another cause of action (see e.g. Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]). Significantly, "'it is not the theory behind a claim that determines whether it is duplicative,' but rather the conduct alleged and the relief sought" (Frank v OOO RM Inv., 2020 WL 7022317, *18, 2020 US Dist LEXIS 223360, *61, [ED NY, Nov. 30, 2020, 17-CV-1338 (NGG) (ARL)]).
Here, the fact that the cause of action for negligent failure to provide a safe and secure environment is based on a different theory — the duty of in loco parentis — than the other causes of action pleaded is not germane to whether it is duplicative. Rather, the claim is duplicative because the conduct alleged and the relief sought, for both the failure to provide a safe and secure environment and the negligent supervision and retention claims, are identical. Further, this holding is consistent with our prior decisions, which dismissed negligence claims as duplicative of claims for negligent supervision and retention (see e.g. J.P. v General Conference of United Methodist Church, 235 AD3d 545, 546 [1st Dept 2025] [plaintiff's negligence and premises liability causes of action "fall within the ambit" of his claim for negligent hiring, supervision, retention, and direction and should have been dismissed as duplicative]; D.F. v General Conference of United Methodist Church, 235 AD3d 532, 534 [1st Dept 2025] [negligence and premises liability causes of action duplicative]; M.D. v YMCA of the USA, 235 AD3d 530, 531 [1st Dept 2025] [general negligence claim duplicative of the claim for negligent hiring, retention, supervision, and/or direction]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2026

Footnotes

Footnote 1: Plaintiffs' complaint also incorporated by reference all the allegations in the amended complaint in a related action entitled Twersky v Yeshiva University(Sup Ct, NY County, index No. 950111/19).

Footnote 2: In Garcia, this Court distinguished Mirand and its notice requirement based on the specific facts before it, that a teacher sent a five-year-old child to a public bathroom without accompaniment (Garcia, 222 AD2d at 195-196). The Court concluded that the danger to a child in such circumstances was reasonably foreseeable, thus no specific proof of prior conduct was required to establish that the school had notice (id.). Garcia is readily distinguishable from the circumstances at issue here.